UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TAMI E. AUGUST, :
    Plaintiff, :
:
v. : CA 10-386 M
:
MICHAEL J. ASTRUE, :
COMMISSIONER OF SOCIAL SECURITY, :
    Defendant. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act (Docket ("Dkt.") #13) ("Motion"). The Motion is brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), has filed a partial objection to the Motion. See Defendant's Partial Objection to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. #14). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I recommend that the Motion be granted to the extent that Plaintiff be awarded $9,695.95 in attorney's fees.

**I. Background**

Plaintiff Tami E. August ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), challenging the Defendant's decision to deny her Supplemental Security Income

("SSI") benefits under the Social Security Act. On December 8, 2011, I issued a Report and Recommendation (Dkt. #11) ("R&R") recommending that Plaintiff's Motion for Reversal of the Disability Determination of the Commissioner of Social Security (Dkt. #7) ("Motion for Reversal") be granted. No objection to the R&R was filed, and on December 29, 2011, District Judge John J. McConnell, Jr., entered a text order ("Text Order of 12/29/11") adopting it. The Judgment (Dkt. #12) was issued the same date.

Plaintiff filed the instant Motion on January 27, 2012, seeking an award of attorney's fees. See Dkt. Plaintiff contends that she is eligible for such award because her net worth was less than $2,000,000.00 when the action was filed, see 28 U.S.C. § 2412(d)(2)(B), she is a "prevailing party," id. § 2412(b), and the Commissioner's position "was not substantially justified," id. § 2412(d)(1)(B). See Memorandum of Law in Support of Plaintiff's Motion for Costs and Attorney Fees under the Equal Access to Justice Act ("Plaintiff's Mem. Re Dkt. #13") at 2-3.

**II. Law**

The EAJA requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Because the Court reversed and remanded the Commissioner's decision under sentence four of § 405(g), see R&R at

16; Text Order of 12/29/11, Plaintiff was the "prevailing party" in this litigation, see Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632 (1993)("a party who wins a sentence-four remand is a prevailing party"). The Supreme Court has defined substantial justification as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988) (internal quotation marks omitted). This definition "is equivalent to the 'reasonable basis both in law and fact' formulation," Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001), which the Court of Appeals for the First Circuit has used, id. (citing United States v. Yoffe, 775 F.2d 447, 449 (1st Cir. 1985)).

In determining whether the position of the United States was substantially justified, the Court is to "examine both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States." Id. (citing 28 U.S.C. § 2412(d)(2)(D)). The Government bears the burden of showing that its position was substantially justified. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1475 (1st Cir. 1989). However, the mere fact that the Court reversed the Commissioner's decision to deny benefits is not by itself determinative of whether Defendant's position was substantially justified. See Pierce v. Underwood, 487 U.S. at 569, 108 S.Ct. at 2552 (recognizing that the government "could take a

3

position that is substantially justified, yet lose"); Schock v. United States, 254 F.3d at 5 ("The mere fact that the government does not prevail is not dispositive on the issue of substantial justification."). "When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified." Schock v. United States, 254 F.3d at 6.

## III. Discussion

### A. The Disputed Matter

Defendant does not dispute that Plaintiff is entitled to reasonable attorney's fees under the EAJA. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Defendant's Mem. Re. Dkt. #14") at 2. However, Defendant argues that Plaintiff's claim of 29 hours to prepare her 10 page reply brief is excessive. Id. at 2. This is the sole matter in dispute.[1] Id. at 4.

---

[1] Plaintiff requested that the attorney's fees awarded be paid directly to her counsel. See Memorandum of Law in Support of Plaintiff's Motion for Costs and Attorney Fees under the Equal Access to Justice Act ("Plaintiff's Mem. Re Dkt. #13") at 5. However, this request cannot be granted as the Supreme Court has ruled that such payment is not permitted by the statute. See Astrue v. Ratliff, ___ U.S. ___, 130 S.Ct. 2521, 2529 (2010)(holding that attorney's fees awarded pursuant to 28 U.S.C. § 2412(d)(1)(A) are payable to the litigant and reversing court of appeals ruling that they are awarded to the prevailing party's attorney); id. at 2527 ("the statute's plain text ... 'awards' the fees to the litigant"); see also Cruz v. Comm'r of Soc. Sec., 437 Fed.Appx. 67, 69 (3rd Cir. 2011)(finding attorney's argument that fee should have been paid directly to him "meritless as the Supreme Court has explicitly held that EAJA fees are directly payable only to litigants and not their attorneys")(citing Ratliff, 130 S.Ct. at 2529).

4

**B. Applicable Law**

The EAJA allows a court to award "reasonable fees." 28 U.S.C. § 2412(b). The fee applicant bears the burden of demonstrating to the Court that the number of hours charged is reasonable. See Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan., 157 F.3d 1243, 1259 (10th Cir. 1998)(stating that parties seeking attorney's fees have "the burden to prove that their hours were reasonable"); see also Heasley v. Comm'r of Internal Revenue, 967 F.2d 116, 123 (5th Cir. 1992)(stating that taxpayers "had the burden of establishing that their attorneys expended a reasonable number of hours on this case and that the hours were reasonably expended"). Hours that are excessive, redundant, or otherwise unnecessary are not reasonably expended. See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983); Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008)(citing Hensley); see also Oklahoma Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.C. Cir. 1991)("there is a point at which thorough and diligent litigation efforts become overkill").

**C. Analysis**

Defendant begins his argument by stating that case law establishes that the average number of total hours an attorney works on a social security disability case is between 30 and 40 hours. See Defendant's Mem. Re Dkt. #14 at 5 (citing Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 420 (6th Cir. 1990);

DiGennaro v. Bowen, 666 F.Supp. 426, 433 (E.D.N.Y. 1987)("In cases of this nature, compensated hours generally range from twenty to forty hours"). The clear implication of Defendant's statement is that Plaintiff's expenditure of 29 hours on a reply memorandum in a social security disability case is excessive on its face. Plaintiff, in response, cites numerous social security cases where a greater number of hours has been found reasonable, see Plaintiff's Reply to Defendant's Partial Objection to Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act (Dkt. #15) ("Plaintiff's Reply Dkt. #15") at 2-3 (citing cases), and ill-advisedly accuses Defendant of having "misrepresented," id. at 3, the import of Hayes and DiGennaro, id.[2]

It is true that some courts have referred to an average range

---

[2] An accusation that a party (or his counsel) has "misrepresented" a matter in filings made with the Court is a serious charge, and it should not be made lightly. Before leveling such a charge, the accuser should consider the possibility that the other party has misread or misapprehended a case or is honestly mistaken about the matter being addressed.

Here, Plaintiff repeatedly asserts in her reply memorandum that Defendant has misrepresented facts or case law. See Plaintiff's Reply to Defendant's Partial Objection to Plaintiff's Motion for Attorneys' Fees under the Equal Access to Justice Act (Dkt. #15) ("Plaintiff's Reply Dkt. #15") at 1, 3, 5-7. Indeed, the word "misrepresent" appears in one form or another no less than ten times in Plaintiff's eight-page reply memorandum. See id. Most egregiously, as explained infra, Plaintiff accuses Defendant of "a substantial misrepresentation of the record," id. at 6, in accurately pointing out that Plaintiff's Reply to the Commissioner's Motion to Affirm the Disability Determination of the Commissioner of Social Security (Dkt. #10) ("Plaintiff's Reply Dkt. #10") reproduced verbatim (or nearly verbatim) arguments that she had included in Plaintiff's Memorandum in Support of Her Motion for Reversal of the Disability Determination of the Commissioner of Social Security ("Plaintiff's Mem. Re. Dkt. #7"). Counsel for Plaintiff is advised to temper his writing style to avoid diminishing both his persuasiveness and his credibility.

6

of hours for social security cases. See, e.g., Hayes 923 F.2d at 420 ("30 to 40 hours"); Glass v. Sec'y of Health & Human Servs., 822 F.2d 19, 20 (6th Cir. 1987)("the experienced district judge is very likely correct that twenty to thirty hours may well be the norm"); Marshall v. Astrue, No. 7:09-CV-33 (HL), 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011)("The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours."); Kanges v. Astrue, No. 08-CV-117-HU, 2011 WL 1002185, at *5 (D. Or. March 18, 2011)("20-40 hours is a reasonable benchmark for attorney time spent on routine Social Security appeals"); Hiciano v. Apfel, No. 98 Civ. 4037(DLC), 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002)("District courts in the Second Circuit have held that routine social security benefits cases generally require from twenty to forty hours of attorney time."); DiGennaro, 666 F.Supp. at 433 ("twenty to forty hours"). At the same time, this does not mean that a fee request representing more than 40 attorney hours is per se unreasonable. Cf. McCune v. Astrue, No. 10-cv-5074-RJB-JBC, 2011 WL 3664889, at *4 (W.D. Wash. July 21, 2011)("The district courts within the Ninth Circuit have not come to any consensus that only EAJA fee requests representing less than forty attorney hours in 'typical' social security appeals are reasonable."). This Court agrees with the Glass court that "[t]he relevant question ... is not what is required in *most* social security cases, but what did *this* case require." Glass, 822 F.2d

at 20.

Defendant notes next that Plaintiff's initial memorandum was 16 pages in length (excluding attachments) and required only 18.8 hours to draft while her reply memorandum is only 10 pages in length but required 29 hours to draft. See Defendant's Mem. Re Dkt. #14 at 5. Defendant also notes that the initial memorandum was written at a time earlier in the judicial review process when Plaintiff was less familiar with the case. See id. at 5-6 Thus, Defendant suggests that it should have taken less time for Plaintiff to write her reply memorandum—not more. See id. at 5-7. Relatedly, Defendant notes that in one portion of the argument section Plaintiff reproduced essentially verbatim arguments that she had included in her memorandum in support of the Motion for Reversal. See Defendant's Mem. Re Dkt. #14 at 6. Defendant concludes by stating that the Court should find that Plaintiff reasonably spent only 10 hours drafting her reply memorandum and reduce Plaintiff's EAJA request by 19 hours, or $3,382.00, for a total EAJA award of $7,146.40. See id. at 7.

Plaintiff responds that Defendant's implicit suggestion that a quality brief can be produced at a rate of an hour per page is unreasonable. See Plaintiff's Mem. Dkt. #15 at 5. In support of her position, Plaintiff cites Maldonado v. Houstoun, 256 F.3d 181, 186 (3rd Cir. 2001)(finding 120 hours to prepare "an excellent brief of 41 pages" to be "a reasonable and generous amount of time"), and

Moore v. Apfel, 63 F.Supp.2d 905, 907 (N.D. Ill. 1999)(rejecting as "frivolous" Commissioner's argument that because it only took 17 hours for plaintiff's counsel to write her 15 page main brief expending 9 hours to prepare a 3 page reply brief was excessive); id. at 908 (rejecting "the notion that counsel should be compensated on a per page basis").

This Court, like the Moore court, determines whether the 29 hours claimed for preparing Plaintiff's Reply to the Commissioner's Motion to Affirm the Disability Determination of the Commissioner of Social Security (Dkt. #10) ("Plaintiff's Reply Dkt #10") are reasonable based on a reading of that document. See Moore, 63 F.Supp.2d at 908 ("The [c]ourt has once again reviewed the reply brief and finds that the time spent was reasonable."). After doing so, the Court concludes that a reduction of hours is warranted, although not in the full amount suggested by the Commissioner.

As already noted, Plaintiff has an unfortunate tendency to accuse Defendant of making misrepresentations when the basis for such accusations is at best thin and at worst non-existent. See Plaintiff's Reply Dkt. #15 at 1, 3, 5-7. Rather than acknowledge with some chagrin that the equivalent of two entire paragraphs of Plaintiff's Reply Dkt. #10 are essentially verbatim reproductions of argument contained in her initial brief,[3] Plaintiff

---

[3] The Court uses the term "equivalent" here because in one instance Plaintiff has split the argument which had been contained in a single paragraph in Plaintiff's Mem. Re Dkt. #7 into two paragraphs in

9

unjustifiably accuses Defendant of making a material misrepresentation regarding this fact, see Plaintiff's Reply Dkt. #15 at 5-6. Even worse, Plaintiff baldly asserts that "[t]here are just two sentences ... that are reproduced," id. at 6, ignoring the fact that other sentences differ by only a word or two and support Defendant's point. Compare Plaintiff's Reply Dkt. #10 at 8-9 with Plaintiff's Memorandum in Support of Her Motion for Reversal of the Disability Determination of the Commissioner of Social Security ("Plaintiff's Mem. Re Dkt. #7") at 3, 5.

In addition to the repetition noted above, the Court is not persuaded that Plaintiff's extended discussion of cases which she had already cited in Plaintiff's Mem. Re Dkt. #7 was necessary or helpful. See, e.g., Plaintiff's Reply Dkt. #10 at 8-9 (discussing Soto-Cedeño v. Astrue, No. 09-1291, 2010 WL 2573086 (1st Cir. June 29, 2010), and Johnson v. Astrue, 597 F.3d 409 (1st Cir. 2009). In sum, although this Magistrate Judge is reluctant to second guess the reasonableness of time expended by counsel preparing briefs in social security cases, cf. Jablonski v. Astrue, No. C 03398, 2011 WL 824601, at *3 (N.D. Ill. Mar. 3, 2011)("this court is loathe to second-guess the reasonableness of time expended by counsel preparing briefs in social security cases"), here Plaintiff has not carried her burden of demonstrating that 29 hours to draft her 10

---

Plaintiff's Reply Dkt. #10. Compare Plaintiff's Mem. Re Dkt. #7 at 5 with Plaintiff's Reply Dkt. #10 at 8-9.

page reply memorandum is reasonable, see Am. Petroleum Inst. v. U.S. E.P.A., 72 F.3d 907, 917 (D.C. Cir. 1996)("Petitioners fail ... to carry their burden as to why it was necessary to spend substantially more time on the reply brief than on the opening brief."); Parker v. Peake, No. 07-10041(E), 2008 WL 5206385, at *1 (Vet. App. Dec. 15, 2008)(finding that appellant failed to demonstrate the reasonableness of almost 27 hours preparing reply brief and allowing 15 hours); cf. Poy v. Boutselis, Nos. 03-1201, 03-1243, 2004 WL 259081, at *1 (1st Cir. Feb. 13, 2004)(reducing time spent on opening and reply briefs to 40 and 42 hours respectively); Jablonski, 2011 WL 824601, at *3 (finding 15.5 hours preparing a 14-page reply brief reasonable "given the complexity of the issues in this case and the oversize length of the administrative record"); Groskreutz v. Barnhart, No. 02-C-454-C, 2005 WL 567814, at *1 (W.D. Wis. Feb. 28, 2005)(agreeing "that nearly 20 hours for a 10-page reply brief covering well-known territory is on the high side").

The Court, however, finds Defendant's contention that Plaintiff should only be allowed 10 hours for preparing her reply memorandum an excessive downward adjustment. Apart from the shortcomings already described, the remainder of the reply memorandum was warranted by the arguments raised by Defendant in his Memorandum in Support of the Commissioner's Motion for an Order Affirming the Decision of the Commissioner. Under the

circumstances, the Court finds that 20 hours represents a reasonable amount of time for Plaintiff's Reply Dkt. #10.

### D. Compensation for Plaintiff's Reply Dkt. #15

Plaintiff seeks compensation for an additional 7.1 hours related to the preparation of Plaintiff's Reply Dkt. #15. See Plaintiff's Reply Dkt. #15 at 8; id., Exhibit ("Ex.") (Supplemental Time Sheet) at 2. However, the amount of compensation sought is less than certain as Plaintiff refers to an "accepted rate of $180.59," id., without explaining why this is the "accepted" rate and how it was calculated. In addition, Plaintiff has left blank the number of hours claimed for preparing this reply memorandum and also left blank the additional fee being sought. See id. Although Plaintiff has attached a supplemental time sheet to the memorandum which indicates that Plaintiff expended 7.1 hours relative to Plaintiff's Mem. Dkt. #15, the hourly rate shown for these hours is $178.00—not $180.59. Given the lack of information about the origin of the "accepted rate of $180.59," the Court will apply a rate of $180.50 for work performed in 2012, see Pearson v. Soc. Sec. Admin. Comm'r, No. 1-11-cv-00252-DBH, 2012 WL 556257, at *3 (D. Me. Feb. 17, 2012)(applying agreed EAJA hourly rate of $180.50);

With respect to what constitutes a reasonable number of hours for Plaintiff's Reply Dkt. #15, the Court allows 5.1 hours. The Court disallows 2 hours because of Plaintiff's largely baseless

argument regarding Defendant's alleged misrepresentations and Plaintiff's ill-conceived attempt to defend the repetition of a portion of the argument contained in Plaintiff's Mem. Re Dkt. #7 in Plaintiff's Reply Dkt. #10.

**IV. Hourly Rate**

Plaintiff seeks to have her attorney compensated at an hourly rate of $178.00 for work performed in 2010 and 2011. See Plaintiff's Mem Re Dkt. #13, Ex. A (Time Record) at 2. Defendant has not objected to this rate. See Defendant's Mem. Re Dkt. #14 at 4 (stating that "the only matter disputed between the parties is whether the 29 hours charged by the Plaintiff for preparing her reply brief is reasonable"). The Court finds that the requested hourly rate of $178.00 for work performed in 2010 and 2011 is reasonable. Cf. Mullins v. Astrue, No. 3:10-cv-404, 2012 WL 298155, at *4 n.1 (S.D. Ohio Feb. 1, 2012)(noting that application of the Consumer Price Index adjustment results in an hourly rate of $178.75 for work performed October 2010, through December 2011); id. at *3 ("adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory"). As explained in the preceding section, for work performed in 2012 the Court will utilize an hourly rate of $180.50.

**V. Fees Awarded**

   **A. Work in 2010 and 2011**

   As explained above, the Court finds that Plaintiff reasonably expended 20 hours on Plaintiff's Reply Dkt. #10. This is 9 hours less than the number claimed by Plaintiff. Thus, the total number of hours allowed for work performed in 2010 and 2011 is 49.3 hours (58.3 hours claimed by Plaintiff minus 9 hours = 49.3 hours). Multiplying 49.3 hours times the hourly rate of $178.00 results in a figure of $8,775.40.

   **B. Work in 2012**

   Multiplying 5.1 hours times the allowed hourly rate of $180.50 for work performed in 2012 (i.e., preparation of Plaintiff's Reply Dkt. #15) results in a figure of $920.55.

   **C. Total Fee Award**

   | | |
   |---|---|
   | 49.3 hours @ $178.00 per hour = | $8,775.40 |
   | 5.1 hours @ $180.50 per hour = | $920.55 |
   | TOTAL FEE AWARD: | $9,695.95 |

**VI. Conclusion**

For the reasons stated above, I recommend that the Motion be granted to the extent that Plaintiff be awarded attorney's fees of $9,695.95. To the extent that the Motion seeks a greater amount of attorney's fees, I recommend that the Motion be denied.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen

(14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 21, 2012